UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHLYNN JONATHAN WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 21-1015-JDT-cgc |
| | ) | |
| JACKSON-MADISON COUNTY | ) | |
| GENERAL HOSPITAL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER DISMISSING CASE AND GRANTING LEAVE TO AMEND

On January 21, 2021, Plaintiff Joshlynn Jonathan White, a prisoner acting *pro se*, filed a civil complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 3.) The Court granted leave to proceed *in forma pauperis* and assessed the $350 civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(a)-(b). White sues the Jackson-Madison County General Hospital District (Hospital).

White, who is incarcerated at the Madison County Criminal Justice Complex (CJC) in Jackson, Tennessee, alleges he was taken to the Emergency Room (ER) of the Hospital on October 30, 2020, after being injured in a slip-and-fall incident at the CJC. (ECF No. 1 at PageID 3.) He underwent a CT scan and "other procedures dealing with a slip and fall matter" and was returned to the ER area. (*Id.*) White alleges the neck brace the paramedics had placed on him was then "snatched" from his neck and he was "raised up on the

Hospital's bed in a very painful and uncomfortable position for over an hour which caused me to urinate on my person immediately." (*Id.*)  White asserts he was left in the urine for over four hours, until he was able to shower on his return to the CJC.  (*Id.*)

White alleges the Hospital staff's actions in leaving him in a painful and uncomfortable position for over an hour amounted to cruel and unusual treatment and negligently breached the duty of care the Hospital owed to him.  (*Id.* at PageID 4.)  White further alleges he overheard some of the medical staff talking in the next room and someone said, "what if there's something really wrong?  Let's do an MRI because it's better to be safe than sorry."  (*Id.*)  An MRI was done, and he was discharged back to the CJC.  (*Id.*)  White seeks compensatory damages.  (*Id.* at PageID 5-6.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*,

631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.  Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief."  *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed."  *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

White has designated his hand-written complaint as an action under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

White's claim for lack of adequate medical care must be analyzed under the Eighth Amendment.[1] Under *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' ... proscribed by the Eighth Amendment." However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. To state a cognizable claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.* at 106.

An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298. The objective component of an Eighth Amendment claim based on a lack of medical care requires that a prisoner have a serious medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004); *Brooks v. Celeste*, 39 F.3d 125,

---

[1] White is, presumably, a pretrial detainee whose rights actually stem from the Fourteenth Amendment's guarantee of due process rather than the Eighth Amendment, which applies to convicted prisoners. However, except in the excessive force context, constitutional claims brought by detainees are analyzed in the same manner as those brought by convicted prisoners.

4

128 (6th Cir. 1994). "[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention.'" *Blackmore*, 390 F.3d at 897; *see also Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005). The Court will assume, for purposes of this order, that White's injuries were a serious medical need.

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the defendant acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 302-03. The plaintiff must show that the defendants acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. A defendant cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an inmate's health or safety and disregards that risk. *Id.* at 837.

White has not sufficiently alleged the subjective component of an Eighth Amendment violation because he does not identify any person who was responsible for denying him adequate medical care; the sole Defendant named is the Hospital itself. Even if White had named a proper Defendant, however, his allegations do not state an Eighth Amendment claim. Though he alleges Hospital personnel subjected him to cruel and

5

unusual treatment by leaving him in a painful position for more than an hour,[2] he does not allege he informed any of the Hospital staff the position of the bed was causing him pain. White also does not actually allege his injuries were improperly treated or exacerbated by the Hospital staff's actions.[3] Thus he has failed to allege that any Hospital personnel knew of a substantial risk of serious harm to White's health or safety and deliberately disregarded that risk.[4]

For these reasons, White's complaint fails to state a claim on which relief may be granted and is subject to dismissal.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with

---

[2] The fact that White urinated on himself and was not cleaned up undoubtedly was uncomfortable and embarrassing, but does not rise to the level of an Eighth Amendment violation. He does not contend it caused him any actual harm.

[3] White does not state what the CT and MRI showed, if anything.

[4] As noted, White's allegations of negligence do not suffice to establish the subjective component of an Eighth Amendment claim. *Farmer*, 511 U.S. at 835.

due process and does not infringe the right of access to the courts."). In this case, the Court concludes that White should be given an opportunity to amend his complaint.

In conclusion, the Court DISMISSES White's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend, however, is GRANTED. Any amendment must be filed within twenty-one days after the date of this order, on or before **February 15, 2021**.

White is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the prior pleadings. The text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If White fails to file an amended complaint within the time specified, the Court will dismiss the case with prejudice in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment.

IT IS SO ORDERED.

                                           s/ **James D. Todd**
                                           JAMES D. TODD
                                           UNITED STATES DISTRICT JUDGE